UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nancy Brown Greene, | C/A No. 2:16-cv-2894-DCC |
| Plaintiff, | |
| vs. | |
| | ORDER |
| Commissioner of Social Security, | |
| Defendants. | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision on the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On January 30, 2018, the Magistrate Judge issued a Report recommending that the Commissioner's decision be affirmed. ECF No. 15. On February 8, 2018, Plaintiff filed objections to the Report. ECF No. 17. The Commissioner filed a Reply on February 22, 2018. ECF No. 18. For the reasons stated below, the Court adopts the Report and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**BACKGROUND**

Plaintiff applied for SSI on April 19, 2012, alleging disability as of April 19, 2012, due to bipolar disorder, asthma, COPD, hypertension, brittle diabetes, stroke, meningitis, obesity, hepatitis C, incontinence, and hyperthyroidism.[1] Plaintiff's application was denied initially and upon reconsideration. On January 20, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated March 18, 2015, finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on August 22, 2016.

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report and argues that the Magistrate erred in finding that the ALJ had properly considered Plaintiff's difficulties in concentration in finding that Plaintiff has the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 416.967(b) except for no climbing ladders, ropes, or scaffolding; climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling no more than occasionally; performing no work requiring full field of vision or up close fine visual acuity; avoiding concentrated exposure to pulmonary irritants . . . or hazzards . . . and performing no more than simple, routine, repetitive tasks not performed fast paced production environment and involving only simple work-related instructions and decisions and relatively few work place changes with no more than occasional interaction with co-workers or the general public.

---

[1] As noted in the Report, Plaintiff initially applied for SSI and Disability Insurance Benfits with an alleged onset date of August 2, 2002. At the hearing with the ALJ, Plaintiff withdrew her application for DIB and amended her alleged onset date. (R. 14, 13.)

R. 19.

The Magistrate addressed this issue at length in the Report. The Magistrate determined, using the proper standard articulated by the Fourth Circuit Court of Appeals in *Mascio v. Colvin*, 780 F.3d 632, 637–38 (4th Cir. 2015), that the ALJ had provided sufficient reasoning to support his conlcusions. The Magistrate found that the ALJ had taken Plaintiff's moderate difficulties in concentration into account in his hypothetical posed to the Vocational Expert and in finding Plaintiff had the RFC to perform light work with limitations. Specifically, the ALJ found that Plaintiff could not perform in a fast paced production environment. The Court agrees.

The Magistrate also found that the ALJ provided sufficient explanation to allow this Court to conduct a meaningful review of his decision. The Magistrate determined, and this Court agrees, that the ALJ provided an adequate summary of Plaintiff's past medical history and included a summary of her hospitalizations and subsequent mental status exams, which were mostly unremarkable. The ALJ also considered Plaintiff's testimony. Plaintiff stated that she was on medication and she was doing well. Accordingly, because the ALJ adequately accounted for Plaintiff's moderate limitation in concentration and provided sufficient explanation for the Court to conduct a meaningful review, the Court finds substantial evidence exists in the record to support the ALJ's finding.[2]

---

[2]Plaintiff contends that the ALJ did not define "extended periods" when he found that Plaintiff is unable to "maintain attention and concentration for extended periods." However, it appears that the ALJ accounted for this limitation in his RFC finding by limiting Plaintiff to a non-fast-paced environment with only simple work-related instructions and decisions with no more than occasional interactions with co-workers or the general public.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

                                                                                   s/ Donald C. Coggins, Jr.
                                                                                   United States District Judge

March 28, 2018
Spartanburg, South Carolina